IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.    13-cv-01395-WYD-NYW

LAURIE EXBY-STOLLEY,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS, WELD COUNTY, COLORADO,

    Defendant.

## ORDER

### I.     INTRODUCTION & BACKGROUND

THIS MATTER is before the Court on two motions.   Specifically, Defendant filed a Motion for Summary Judgment (ECF No. 25) as to Plaintiff's claims under the Americans With Disabilities Act ("ADA") on May 28, 2014.   On July 23, 2014, Plaintiff filed a Motion to Strike (ECF No. 32) declarations Defendant submitted in its Reply in Support of Defendant's Motion for Summary Judgment.   I first address the background of the case and then state my rulings on the motions.

This case arises out of Plaintiff's employment with Defendant.   Plaintiff commenced employment with Defendant in the Consumer Protection Program ("Division") as an Environmental Health program Supervisor on February 19, 1992. Plaintiff terminated her employment with Defendant for personal reasons on September 7, 2000.   On September 5, 2006, Plaintiff returned to the Division as an Environmental Health Specialist I ("EHS I").   Plaintiff received a promotion to Environmental Health Specialist II ("EHS II") on January 2, 2007.

On December 19, 2009, Plaintiff fell and fractured her right arm, among other injuries, while working at an H1N1 Flu clinic. Between December 2009 and May 2012, Plaintiff was placed on temporary restrictions as she reinjured her arm, underwent surgery, and rehabilitated. Plaintiff was assigned to various temporary positions during her recovery. On May 11, 2012, Plaintiff underwent a Functional Capacity Evaluation ("FCE"), ordered by Dr. John Charbonneau, in order to assess Plaintiff's ability to use her hands and arms in light of her injury. On June 7, 2012, Dr. Charbonneau placed Plaintiff on the following permanent restrictions:

> Permanent restrictions in the form of maximum lifting of 15 pounds. Maximum repetitive lifting of 10 pounds. Maximum carrying of 15 pounds. She may occasionally reach overhead with the right upper extremity. She may occasionally reach away from the body with the right upper extremity. She may occasionally crawl. No repetitive use of the right upper extremity. No work involving supination of the right forearm (working with the palm turned upwards). May lift up to 5 pounds with the right upper extremity alone.

ECF No. 25, pp. 12-13. Dr. Charbonneau concluded that Plaintiff "has a 43% impairment of the right upper extremity." *Id.* at 13. He further concluded that Plaintiff's level of impairment is "equivalent to 26% whole person permanent partial impairment." *Id.*

As a result of Plaintiff's permanent work restrictions caused by her injury, it became evident that Plaintiff required accommodations in order to accomplish her job. On April 16, 2012 and June 19, 2012, Plaintiff met with Defendant in regard to her injury and employment. However, Plaintiff and Defendant disagree as to whether these meetings and related efforts were sufficient to address Plaintiff's need for accommodations prior to her departure. On June 21, 2012, Plaintiff resigned from her

position as an EHS II. In doing so, she explained that after the physician's final evaluation and meeting with management, it was apparent that she was no longer able to accomplish the required duties in the EHS II job description.

For the reasons stated below, the motion to strike is denied. The summary judgment motion is also denied.

II.     MOTION TO STRIKE

Plaintiff's motion seeks to strike the affidavits of Jewel Vaughn, Trevor Jiricek, Debra Adamson, Mark Wallace, and Michelle Raimer in Defendant's Reply Brief to its Motion for Summary Judgment. In particular, Plaintiff asserts that each of these affidavits should be stricken because they contain new evidence and are inconsistent with prior testimony. Plaintiff further states that the affidavits of Jiricek and Wallace should also be stricken because they are based on mere belief. I disagree that Defendant has raised any statements in its Reply Brief that are new, inconsistent, or based on mere belief.

"Reply briefs *reply* to arguments made in the response brief—they do not provide the moving party a new opportunity to present yet another issue for the court's consideration." *Gates Corp. v. Dorman Products, Inc.*, No. 09-cv-02058, 2009 WL 4675099, at *2 (D. Colo. Dec. 7, 2009) (emphasis in the original) (internal quotation marks omitted). Reply brief arguments are not new if presented to directly rebut response brief arguments. *Id.* Should a conflict arise between an affidavit submitted in response to the summary judgment motion and an earlier affidavit, "courts will disregard a contrary affidavit when they conclude that it constitutes an attempt to create a sham fact issue." *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986). Moreover, "summary-judgment

affidavits must be based on personal knowledge and . . . statements of mere belief must be disregarded." *Ney v. City of Hoisington, Kansas*, 264 F. App'x 678, 681 n. 3 (10th Cir. 2008).

### A. Vaughn Affidavit

Vaughn's affidavit directly rebuts the assertion in Plaintiff's Response that interns are available to Defendant on an unpaid basis and therefore could have provided assistance to Plaintiff at no cost. In her affidavit, Vaughn asserts that interns are not available to Defendant on an unpaid basis and must be treated as paid employees. Moreover, Vaughn's affidavit does not contradict Jiricek's deposition testimony that Defendant engages interns, from time to time, for training purposes only. Defendant has adequately explained the alleged contradiction by clarifying that unpaid interns were unavailable for duties outside of the training environment and could not assist Plaintiff with her duties at no cost.

### B. Jiricek Affidavit

Jiricek's affidavit directly rebuts Plaintiff's assertions that unpaid interns were available to assist Plaintiff, that Plaintiff was not considered for positions that she was qualified for, and that certain accommodations were available to Plaintiff. In his affidavit, Jiricek states that interns were available, from time to time, for training purposes only, that Plaintiff was not considered for certain positions because the lifting requirement for those positions exceeded her permanent lifting restrictions, and that various accommodations that Defendant sought were not reasonable. Further, Jiricek's statement in his affidavit that Plaintiff did not meet the physical requirements for certain positions does not contradict Defendant's response to interrogatory 11. Interrogatory 11 asked Defendant

to identify the positions within the Health Department that Plaintiff was not qualified to fill. Defendant responded to the interrogatory by stating that Plaintiff was not qualified for any positions with physical requirements that exceeded her physical restrictions.

Plaintiff also states that Jiricek's affidavit should be stricken for speculating about certain actions of the Board of County Commissioners. I disagree. Defendant asserts that Jiricek's declaration regarding the Board was based on his personal experience in dealing with the Board. *See Ney v. City of Hoisington, Kansas*, 264 F. App'x 678, 681 n. 3 (10th Cir. 2008) ("[S]ummary-judgment affidavits must be based on personal knowledge and . . . statements of mere belief must be disregarded.").

### C. Adamson Affidavit

Adamson's affidavit directly rebuts the assertion in Plaintiff's Response that Plaintiff could have been assigned part-time or alternate work. In her affidavit, Adamson states that Dan Parkos' part-time position as a Household Hazardous Waste inspector requires a large amount of heavy lifting in excess of Plaintiff's permanent lifting restrictions. Adamson further states that Angie Crawford worked part-time in a similar position as Plaintiff prior to accepting a temporary desk job in April 2012. Adamson also explains that other positions that Defendant could have been considered for were already filled or would require the position to be split in two because Plaintiff could not accomplish all of the required tasks.

Further, Adamson's affidavit does not contradict her deposition testimony that the Plan Review position requires, among other duties, walkthrough inspections and phone work. Adamson's affidavit explains that walkthroughs require physical capabilities like crawling and climbing. I find that Defendant has explained the alleged contradiction by

clarifying that Plaintiff's counsel did not ask what walkthroughs required during Adamson's deposition.

### D. Wallace Affidavit

Wallace's affidavit directly rebuts Plaintiff's assertions in her response that she was qualified for the positions that she applied for prior to resigning her employment as an EHS II. In his affidavit, Wallace asserts that Plaintiff was not qualified for the Emergency Preparedness Coordinator position, the Health Education Manager position, or the Smoking Cessation Education position. Moreover, Wallace's affidavit does not contradict interrogatory 11, which asked Defendant to identify the positions within the Health Department that Plaintiff was not qualified to fill. Defendant responded to the interrogatory by stating that Plaintiff was not qualified for any positions with physical requirements that exceeded her physical restrictions. I find that Defendant has adequately explained the alleged contradiction by clarifying that the Emergency Preparedness Coordinator, Health Education Manager, and Smoking Cessation Education positions were not within the Health Department.

Plaintiff also states that Wallace's declaration should be stricken because it is based on mere belief. I disagree. Wallace's affidavit states that he based his declarations on his knowledge. *See Ney v. City of Hoisington, Kansas*, 264 F. App'x 678, 681 n. 3 (10th Cir. 2008) ("[S]ummary-judgment affidavits must be based on personal knowledge and . . . statements of mere belief must be disregarded.").

### E. Raimer Affidavit

Raimer's affidavit directly rebuts Plaintiff's assertion that no one from the County in this case was trained in the ADA. In her affidavit, Raimer asserts that she received

regular ADA training. Raimer also discusses an accommodation for a non-essential lifting requirement that was made for an employee in a caseworker position. Raimer's affidavit does not contradict her deposition testimony that the employee was able to continue his job because he could accomplish the essential functions of the position despite his lifting restriction. For these reasons, I deny Plaintiff's motion to strike.

III. MOTION FOR SUMMARY JUDGMENT

A. Standard of Review

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, the court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp., 220 F.3d 1184, 1190 (10th Cir. 2000). "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" Atlantic Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). All doubts must be resolved in favor of the existence of triable issues of fact. Boren v. Southwestern Bell Tel. Co., 933 F.2d 891, 892 (10th Cir. 1991).

In the Tenth Circuit, evidence considered by the court in ruling on a motion for summary judgment must be evidence that is admissible at trial. "It is well settled in this circuit that we can consider only admissible evidence in reviewing an order granting summary judgment." Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541 (10th Cir. 1995). Further, under Rule 56(c), evidence offered in opposition to a motion for

summary judgment must be "'made on personal knowledge . . . set forth such facts as would be *admissible in evidence*, and . . . show affirmatively that the . . . [witness] is competent to testify to the matters' set forth therein.'"  *Id.*

### 1. Whether Summary Judgment is Proper on Plaintiff's ADA Claim

"The ADA prohibits an employer from discriminating 'against a qualified individual with a disability because of the disability of such individual in regard to . . . discharge of employees . . . and other terms, conditions, and privileges of employment.'"  *Morgan v. Hilti*, 108 F.3d 1319, 1323 (10th Cir. 1997) (quoting 42 U.S.C. § 12112(a)).  "To establish a prima facie case under the ADA, a plaintiff must demonstrate: (1) that she is a disabled person within the meaning of the ADA . . . ; (2) that she is qualified, that is, she is able to perform the essential functions of the job, with or without reasonable accommodation . . . ; and (3) that the employer terminated her employment [or that plaintiff suffered some other adverse employment action] under circumstances which give rise to an inference that the termination was based on her disability."  *Id.* (internal quotations omitted).

### i. Whether Plaintiff is a Disabled Person

The parties concede that Plaintiff is disabled within the meaning of the ADA. Thus, I turn to the second element of Plaintiff's ADA claim.

### ii. Whether Plaintiff is a Qualified Individual

In the motion, Defendant argues that Plaintiff is not a qualified individual under the ADA.  The Court employs a two-part test to make this determination.  *Hudson v. MCI Telecommunications Corp.*, 87 F.3d 1167, 1168 (10th Cir. 1996).  First, the court must determine whether the Plaintiff could perform the essential functions of the EHS II job. *Id.*  Second, if Plaintiff cannot perform the essential functions of the job, I must determine

whether a reasonable accommodation by Defendant would enable her to perform the functions of the EHS II job.   *See id.*

Turning to my findings, I note that "[t]he term 'essential functions' is defined as 'the fundamental job duties of the employment position the individual with a disability holds or desires.'"   *Martin v. Kansas*, 190 F.3d 1120, 1130 (10th Cir. 1999) (quoting 29 C.F.R. § 1630.2(n)(1)), *overruled on other grounds*, *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001).   "Whether a particular function is essential is a factual inquiry."   *Martin,* 190 F.3d at 1130 (citing 29 C.F.R. Pt. 1630, App. § 1630.2(n)).   "The ADA provides that in making this inquiry, 'consideration shall be given to the employer's judgment as to what functions of a job are essential, and if an employer has prepared a written description before advertising or interviewing applicants for the job, this description shall be considered evidence of the essential functions of the job.'"   *Martin,* 190 F.3d at 1130 (quoting 42 U.S.C. § 12111(8)).

In the case at hand, while Plaintiff agrees that lifting is required as part of the EHS II job description, she disputes the fact that lifting up to 40 pounds is an essential function. Specifically, Plaintiff asserts that she spent almost no time lifting heavy objects, that other employees would state the same, and that the lifting requirement was not actually part of the job.   Plaintiff further states that Defendant ignores the fact that she could accomplish almost all of her job tasks with her non-injured arm.   Additionally, Plaintiff argues that it would have been a reasonable accommodation to allow her to receive assistance with any lifting required on the job and that there were other reasonable accommodations Defendant could have made that would have modified the job requirements.

I find that there are genuine issues of material fact on the issue of whether lifting up

to 40 pounds is an essential function of the job and whether reasonable accommodations could have been made as to the lifting requirement such that the summary judgment motion must be denied on this ground.

### iii. Whether Defendant Discriminated against Plaintiff

Finally, as to the third element of a prima facie ADA case, that the plaintiff show defendant discriminated against her in connection with an employment decision, that element is met where the plaintiff shows that the defendant failed to accommodate her (including by reassignment), since "'the failure reasonably to accommodate (including reassignment) [is] a prohibited act of discrimination.'" *Bristol v. Brd. of County Comm'rs of County of Clear Creek*, 281 F.3d 1148, 1164 (10th Cir. 2002) (quoting *Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1167 (10th Cir. 1999), *rev'd on other grounds*, 312 F.3d 1231 (10th Cir. 2002)). The plaintiff does not need separate proof of discriminatory intent. *Id.* "If no reasonable accommodation can keep the employee in his or her existing job, then the reasonable accommodation may require reassignment to a vacant position so long as the employee is qualified for the job and it does not impose an undue burden on the employer." *Smith*, 180 F.3d at 1169.

Here, Defendant asserts that it appropriately engaged in the interactive process in regard to accommodating Plaintiff prior to her departure. Defendant states that its efforts to accommodate Plaintiff included placing her in temporary assignments and suggesting that she pursue an opening in a different department. Defendant further states that the interactive process involves participation by both parties and that Plaintiff made no effort to provide suggestions for accommodations beyond part-time office work, land use work, and creating a position for her as a generalist. Plaintiff disagrees and argues that

Defendant made no effort to engage in the interactive process in good faith.  Plaintiff states that Defendant did not suggest any accommodations, reject any of Plaintiff's proposed accommodations, or entertain discussions about accommodations.  I find that there are genuine issues of material fact on the issue of whether Defendant failed to reasonably accommodate Plaintiff prior to her resignation.  Accordingly, I deny summary judgment on this ground and, consequently, on the ADA claim in general.

IV.  CONCLUSION

Based upon the foregoing, it is

ORDERED that Plaintiff's Motion to Strike (ECF No. 32) is **DENIED.**  It is

FURTHER ORDERED that Defendant's Motion for Summary Judgment (ECF No. 25) is **DENIED**.

Dated:   March 20, 2015.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE