IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   13-cv-01395-WYD-NYW

LAURIE EXBY-STOLLEY,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS, WELD COUNTY, COLORADO,

    Defendant.

---

**ORDER**

---

THIS MATTER was set for a jury trial on April 25, 2016.  However, instead of commencing the trial, I held an emergency hearing to address Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 37 for Failure to Disclose (ECF No. 114).  For reasons stated on the record at the April 25, 2016 hearing and set forth below, Plaintiff's motion is granted in part, and the jury trial is continued until Monday, October 3, 2016.

Pursuant to Fed. R. Civ. P. 37(c)(1), a violation of Fed. R. Civ. P. 26(a) or 26(e) may provide grounds for sanctions at the discretion of the Court.  Such sanctions may include "payment of the reasonable expenses, including attorney's fees, caused by the failure" to identify information as required by Rule 26(a) or (e).  Fed. R. Civ. P. 37(c)(1)(A). In considering what sanctions to impose, the Court must bear in mind the rationale and purposes to be served by sanctions, including: (1) deterring future litigation abuse; (2) punishing present litigation abuse; (3) compensating victims of litigation abuse; and (4) streamlining court dockets and facilitating case management.

*See Hirpa v. IHC Hosps., Inc.*, 50 Fed. Appx. 928, 932 (10th Cir. 2002) (citing *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999); *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990). Rule 37 sanctions "must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763–64 (1980) (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976)). Although Rule 37 provides a list of potential sanctions, the determination of an appropriate and just sanction is left to the sound discretion of the Court. *See Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1555 (10th Cir. 1996); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir. 1992).

The determination of whether a Rule 26 violation is justified or harmless is entrusted to the broad discretion of the district court. I am guided by the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Woodworker's Supply, Inc.*, 170 F.3d at 993.

After reviewing the relevant submissions, hearing from both parties at the April 25, 2016 hearing, and applying the *Woodworker's* factors, I find that Defendant's failure to disclose approximately 300 pages of relevant documents until three days before trial was not substantially justified. I also find that Defendant's failure was not harmless. These recently-disclosed documents include internal emails sent between key

witnesses for the Defendant employer that directly bear on the claims asserted in this case. Perhaps the motion for summary judgment would have been impacted by a timely production of these documents. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993) (recognizing that delay and mounting costs can equate to prejudice). Certainly, Plaintiff is prejudiced by the need to re-depose multiple witnesses. Additionally, the third *Woodworker's* factor is satisfied as Defendant's untimely disclosure has disrupted the trial setting, which now must be continued. Finally, while I noted at the April 25, 2016 hearing that there is no evidence that Defendant's failure to comply with Rule 26 was due to bad faith or wilfulness, I do find that limited and appropriate sanctions under Rule 37 shall be imposed as follows and as set forth in detail at the April 25, 2016 hearing.

Accordingly, it is

ORDERED that Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 37 for Failure to Disclose (ECF No. 114) is **GRANTED** as follows:

- The 5-day jury trial set for Monday, April 25, 2016 is continued until **Monday, October 3, 2016 at 8:30 a.m.** A final trial preparation conference is set for **Wednesday, September 7, 2016 at 10:00 a.m.**

- As explained in detail on the record at the April 25, 2016 hearing, Plaintiff may depose the following witnesses:[1] (1) Patti Russell - not to exceed 6 hours; (2) Michelle Raimer - not to exceed 2.5 hours; (3) Deb Adamson - not to exceed 2.5 hours; (4) Trevor Jiricek - not to exceed 2.5 hours; and

---

[1] These depositions shall be non-video depositions.

       (5) Dan Joseph - not to exceed 4 hours.  Defendant shall bear the costs and attorney fees for these depositions.[2]  All discovery approved in this Order shall be concluded not later than **Friday, July 1, 2016**.

- Defendant shall file a certification with the Court that it has discovered all documents in its possession (or will turn over additional documents to Plaintiff) not later than **Monday, May 9, 2016.**  This filing shall detail and describe all searches conducted by Defendant in order to accomplish this task.

- The parties shall meet and confer within the next 7 days and file a pleading with the Court regarding: (1) settlement possibilities; (2) a schedule for the Court-approved depositions noted in this Order and detailed at the April 25, 2016 hearing; and (3) modifications to expert witness reports.  As stated at the hearing, should Plaintiff wish to seek reimbursement for an amendment to her expert witness's report as an additional Rule 37 sanction, a separate motion shall be filed in support of such a request.

- The parties shall file an amended Final Pretrial Order and stipulated statement of the case not later than **Monday, July 25, 2016.**

---

[2] The approved attorney fee rate is $300 per hour for Mr. Smith and $275 per hour for Mr. Wesoky.

Dated: April 26, 2016

BY THE COURT:

s/ Wiley Y. Daniel  
WILEY Y. DANIEL,  
SENIOR UNITED STATES DISTRICT JUDGE